

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,519-01

### EX PARTE RONALD BLAKE FEARS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2012-DCR-00986-B IN THE 138TH DISTRICT COURT FROM CAMERON COUNTY

***Per curiam***.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of continuous sexual abuse of a child, one count of sexual assault, and three counts of indecency with a child. He was sentenced to imprisonment for one term of fifty years and four terms of twenty years. The Thirteenth Court of Appeals affirmed his convictions. *Fears v. State*, No. 13-13-00111-CR (Tex. App.—Corpus Christi Apr. 23, 2015) (not designated for publication).

Applicant contends that trial counsel was ineffective at the guilt and punishment stages. Counsel responded in a sworn affidavit, and the Honorable Arturo Cisneros Nelson, the habeas

judge, made findings of fact and conclusions of law and recommended that this Court deny relief.

We remanded this application for further findings and conclusions on whether counsel was ineffective at the guilt stage because Judge Nelson's original findings and conclusions largely focused on counsel's defense strategy at the guilt stage. After receiving Judge Nelson's supplemental findings and conclusions, we remanded this application again and ordered him to hold a live evidentiary hearing and make further findings and conclusions on whether counsel was ineffective at the guilt stage.

On remand, Judge Nelson recused himself, and the Honorable Leonel Alejandro was appointed to preside at the evidentiary hearing and make further findings and conclusions. He concluded that counsel was not ineffective at the guilt stage but recommended that we grant Applicant a new punishment hearing based on counsel's failure to object to improper arguments.

We believe that Judge Alejandro should make further findings and conclusions. He shall specifically determine whether counsel was deficient for failing to file a motion in limine, failing to object to, and/or eliciting improper opinion testimony at the guilt stage, as Applicant contends in his first ground. He shall then determine whether, but for counsel's alleged deficient conduct, taken as a whole, there is a reasonable probability the result at guilt would have been different. Judge Alejandro may make any other findings and conclusions he deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance the issues have been resolved. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with Judge Alejandro's supplemental findings and conclusions, shall be forwarded to this Court

within 120 days of the date of this order. Any extensions of time must be requested by Judge Alejandro and shall be obtained from this Court.

Filed:        October 24, 2018
Do not publish